IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| CHADWICK MARVIN THOMPSON | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:16cv23 |
| | | CRIM. NO. 6:13CR00023-001 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Movant Chadwick Marvin Thompson, an inmate confined at F.C.I. Texarkana, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the motion should be dismissed as time-barred. Thompson has filed objections.

Thompson is in custody pursuant to a conviction for the offense of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 841(b)(1). On April 16, 2014, after a plea of guilty, he was sentenced to 240 months of imprisonment. He did not appeal the conviction, and it became final on May 5, 2014. More than twenty months later, on January 13, 2016, he filed the present motion. The motion is time-barred by the one year statute of limitations.

Thompson argues in his objections that he should be allowed to proceed with his case because of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that the one year limitations period started running when the Supreme Court decided *Johnson*, in light of 28 U.S.C. § 2255(f)(3).

The Court initially notes that *Johnson* concerns sentences under the Armed Career Criminal Act, and Thompson was not sentenced under that statute. Nonetheless, the issue before the Court concerns whether *Johnson* applies retroactively to cases on collateral review. The Fifth Circuit has found that the decision does not apply retroactively. *In re Williams*, 806 F.3d 322 (5th Cir. 2015). The Fifth Circuit's decision governs this case. The issue is before the Supreme Court in *Welch v. United States*, No. 15-6418.

1

If the Supreme Court decides in *Welch* that the decision in *Johnson* applies retroactively, then the provisions of § 2255(f)(3) will apply. At this juncture, however, the law in the Fifth Circuit is that *Johnson* does not apply. Thompson's objections lack merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Thompson to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections by Thompson are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (docket entry #6) is **ADOPTED**. It is further

**ORDERED** that the motion to vacate, set aside or correct Thompson's sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the cause of action is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**It is SO ORDERED**.

**SIGNED this 23rd day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE